PS 8
(Rev. 5/2020)

**UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF ARKANSAS**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 0 5 2021

JAMES W. McCORMACK, CLERK

By: _____ DEP CLERK

U.S.A. vs. Brian Jeffrey Litton          Docket No. 0860 4:21CR00036-01 - KGB

**Petition for Warrant for Person Under Pretrial Supervision**

   COMES NOW Selina M. Ripa, U.S. PROBATION OFFICER, presenting an official report upon the conduct of defendant Brian Jeffrey Litton, who was placed under pretrial release supervision by the Honorable Patricia S. Harris sitting in the Court at Little Rock, Arkansas, on March 1, 2021, under the following conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

   The defendant must appear at Court Room 4C, Richard Sheppard, Arnold United States Courthouse, 500 W. Capitol Avenue, Little Rock, Arkansas, before the Honorable Kristine G. Baker on March 29, 2021 at 9:30a.m.

(5)   The defendant must sign an Appearance Bond, if ordered.

(7)   The defendant must:
   (a) submit to supervision by and report for supervision to the: U.S. Pretrial Services Office, telephone number, (501) 604-5258, no later than as directed by the Pretrial Officer.
   (b) continue or actively seek employment.
   (k) not possess a firearm, destructive device, or other weapon.
   (l) not use alcohol at all.
   (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
   (n) submit to testing for a prohibited substance if required by the pretrial services office or the supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of any prohibited substance screening or testing.
   (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

(p) participate in one of the following location restriction programs and comply with its requirements as directed.
- ☒ **(ii) Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances, court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer.

(q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided; RFW/Virtual Monitoring.
- ☒ You must pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

(r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including any arrests, questioning, or traffic stops.
(s) maintain regular contact with his/her attorney, not less than every two weeks.

A Jury trial is scheduled for November 1, 2021, at 9:30a.m., before the Honorable Kristin G. Baker, U.S. District Judge.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Description of apparent violations:**
On March 1, 2021, the defendant was placed on home detention with electronic monitoring. On May 3, 2021, the defendant violated his conditions of pretrial supervision when he failed to return to his residence at the scheduled time of 1:00 pm and failed to report his whereabouts. His whereabouts are currently unknown.

On April 20, 2021, the defendant failed to call in for a scheduled individual treatment phone session with the Recovery Centers of Arkansas.

**Description of prior violations:** None.

**Actions taken to bring the defendant into compliance were as follows:**
At the onset of pretrial bond the defendant was referred to a substance abuse intake and disorder at the Recovery Centers of Arkansas and was placed in the most intense frequency of drug testing. The defendant was diagnosed with Cannabis Use Disorder and Methamphetamine Use Disorder and was recommended to report for individual treatment sessions.

**Defendant's compliance with release conditions:** The defendant was compliant with Location Monitoring rules and directives until May 3, 2021. A record check revealed no new arrests and a valid driver's license.

**OFFICER'S RECOMMENDATION:**

Based on the defendant's unknown whereabouts, he is a risk of flight. It is recommended that the U.S. Attorney's Office request a warrant and the defendant be brought before the court to show cause why the bond should not be revoked. If a warrant is issued, the U.S. Probation Office requests it be sealed for the safety of the U.S. Marshals Service and the U.S. Probation Office and copied only to those respective agencies pending warrant execution.

**I declare under penalty of perjury that the foregoing is true and correct.**

The U.S. Attorney's Office submits this petition to be filed with Criminal Docketing as a motion.

*Selina M. Ripa*
Selina M. Ripa
U.S. Probation Officer

*Anne E. Gardner*
Anne E. Gardner
Assistant U.S. Attorney

Executed on   May 4, 2021

Executed on   5-4-21

Approved by:

*[signature]*

Supervising U.S. Probation Officer

c:   The Honorable Kristin G. Baker, U.S. District Judge
     The Honorable Patricia S. Harris, U.S. Magistrate Judge